[Cite as *Woods v. OneSource Emp. Mgt., L.L.C.*, 2017-Ohio-4407.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Trina F. Wood,                              :

      Plaintiff-Appellant,                 :

v.                                          :                 No. 16AP-434
                                                          (C.P.C. No. 15CV-24)
OneSource Employee Management, LLC   :
et al.,                                                   (REGULAR CALENDAR)

                                            :
      Defendants-Appellees.

                                            :

_____

D E C I S I O N

Rendered on June 20, 2017

_____

**On Brief:** *Knisley Law Office, Kurt A. Knisley* and *Daniel S.* Knisley, for appellant. **Argued:** *Kurt A. Knisley*.

**On Brief:** *Dinsmore & Shohl, LLP, Michael L. Squillace* and *Caroline E. Diwik*, for appellee OneSource Employee Management, LLC. **Argued:** *Michael L. Squillace*.

**On Brief:** *Mike DeWine*, Attorney General, and *Nathan P. Franzen*, for appellee Industrial Commission of Ohio.

_____

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Trina Woods is appealing from an adverse judgment rendered following a bench trial in the Franklin County Court of Common Pleas. She assigns two errors for our consideration:

I. The Court's Decision Was Against The Manifest Weight Of The Evidence, Because The Rationale Provided By The Court Is Not Supported By Any Evidence Or Testimony In The Record.

> ### II. The Manifest Weight Of The Evidence Demonstrates Appellant Was In The Course And Scope Of Her Employment At The Time Of The Accident.

{¶ 2} Woods was employed as a recruiter for Buckeye Diamond Logistics. As a recruiter, she travelled regularly seeking potential employees for Buckeye Diamond Logistics.

{¶ 3} On April 14, 2014, Woods was injured in a motor vehicle collision. Woods asserted that she was working at the time of the collision. Buckeye Diamond Logistics argued that she was not.

{¶ 4} In order to qualify for workers' compensation benefits, Woods had to be driving in the course of her employment and the collision had to, in some way, arise out of that employment. The trial court did not find that to be the case.

{¶ 5} The trial court judge was heavily affected by the cell phone records which demonstrated that Woods made several personal telephone calls in the Columbus, Ohio area during the hours before the collision. The phone calls were not from the area of Circleville, Ashville, or South Bloomfield, which are the areas where Woods would later claim she was working that day.

{¶ 6} Part of the problem faced by Woods and her counsel is the fact Woods asserted that she had no recollection of the collision and no recollection of the time or the times before and after the collision. She could not say which clients she visited that day or what she did. She tried to assemble a list of potential activities for the day of the collision, but did not do so until several days after the collision.

{¶ 7} Neither Woods nor her supervisor could explain why Woods would have been at the location where she was injured. Woods theorized that she was returning to a Buckeye Diamond Logistics office in South Charleston, Ohio. However, the sites she thought she visited were all south of Columbus and the collision occurred many miles north in Columbus. She engaged in a 24 minute call with personnel at the Ohio State University Hospital shortly before the collision. The hospital had nothing to do with pallet making, the task for which Woods was recruiting workers.

{¶ 8} The objective evidence contained in the record does not match up with Woods' later claim about her activities. The collision occurred at the intersection in the

area of Interstate 70 and Alum Creek Drive, not in Circleville, Ashville, South Bloomfield, or South Charleston areas.

{¶ 9}   The manifest weight of the evidence does not conflict with the trial court's verdict.   The two assignments of error are overruled.   The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

———————————